UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRAYSON FLORY
701 South F Street,
Lake Worth, FL 33460

Plaintiff,

v.

THE UNITED STATES DEPARTMENT OF JUSTICE,
950 Pennsylvania Ave., NW
Washington, DC 20530,

Defendant.

Case: 1:17-cv-00661
Assigned To : Jackson, Ketanji Brown
Assign. Date : 4/17/2017
Description: FOIA/Privacy Act (I Deck)

**Complaint for Declaratory and Injunctive Relief**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records related to the environmental publication Earth First! Journal, as well as entities and individuals associated with that publication.

**Jurisdiction and Venue**

2. This Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff Grayson Flory is a resident of Lake Worth, Florida. He is co-owner and operator of Daily Planet Publishing, Inc., which publishes Earth First! Journal. Mr. Flory is the editor of the Earth First! Journal. Mr. Flory seeks access to certain public records to



RECEIVED
Mail Room
3 2017
Clerk of Court
District of Columbia

write news reports for distribution to the general public through the Earth First! Journal print publication and through the Journal's website.

5. Defendant Department of Justice (DOJ) is an agency of the United States.

6. The Federal Bureau of Investigation (FBI) is a component of the DOJ. The FBI has possession, custody and control of the records Plaintiffs seek.

**Statement of Facts**

*Background*

7. Daily Planet Publishing, Inc., is the publishing company that runs and does business as the Earth First! Journal. The Earth First! Journal is a 37-year-old publication that provides news and analysis of the environmental protection movement through its print magazine, online newswire, and other media. Ryan Hartman is co-owner and operator of Daily Planet Publishing, Inc., and editor of the Earth First! Journal. Peter Tsolkas is a former co-owner and operator of Daily Planet Publishing, Inc., and a former editor of the Earth First! Journal.

*Plaintiff's FOIA Request(s)*

8. On October 23, 2015, Plaintiff sent a FOIA request to the FBI via Certified Mail seeking copies of all records pertaining to Daily Planet Publishing, Inc., Earth First! Journal, Ryan Hartman, Peter Tsolkas (also known as Panagioti Tsolkas) and/or Plaintiff himself, Grayson Flory.

9. Plaintiff's request included Certification of Identity forms executed by Mr. Hartman and Mr. Tsolkas.

10. The agency assigned Plaintiff's request related to Ryan Hartman FOIAPA Request No. 1338632-000.

11. The agency assigned Plaintiff's request related to Daily Planet Publishing FOIAPA Request No. 1338636-000.

12. The agency assigned Plaintiff's request related to Earth First! Journal FOIAPA Request No. 1338647-000.

13. The agency assigned Plaintiff's request related to Peter Tsolkas FOIAPA Request No. 1338610-000.

14. The agency assigned Plaintiff's request related to Plaintiff himself FOIAPA Request No. 1338644-000.

*FOIAPA Request No. 1338632-000 is Resolved*

15. With respect to the request related to Mr. Hartman (FOIAPA Request No. 1338632-000), the agency's November 2, 2015 response stated that the agency was unable to identify responsive file records.

16. Plaintiff filed an administrative appeal related to FOIAPA Request No. 1338632-000 on December 16, 2015, which the agency acknowledged receipt of on January 11, 2016.

17. On May 25, 2016, the agency produced documents to Plaintiff responsive to FOIAPA Request No. 1338632-000.

18. Plaintiff does not challenge the agency's actions or responses to FOIAPA Request No. 1338632-000 by way of this action.

*FOIAPA Request No. 1338636-000 is Resolved*

19. With respect to the request related to Daily Planet Publishing, Inc. (FOIAPA Request No. 1338636-000), after receiving no response from the agency beyond its November 2, 2015 acknowledgment of receipt of the request, on March 24, 2016, Plaintiff mailed to the agency an administrative appeal related to the processing delay.

20. On April 5, 2016, the agency mailed Plaintiff a letter acknowledging receipt of the appeal and assigned the appeal Request No. 1338636.

21. On May 24, 2016, the agency produced documents to Plaintiff responsive to FOIAPA Request No. 1338636-000.

22. Plaintiff does not challenge the agency's actions or responses to FOIAPA Request No. 1338636-000 by way of this action.

*FOIAPA Request No. 1338647-000 is Unresolved*

23. With respect to the request related to Earth First! Journal (FOIAPA Request No. 1338647-000), after receiving no response from the agency beyond its November 2, 2015 acknowledgment of receipt of the request, on March 24, 2016, Plaintiff mailed to the agency an administrative appeal related to the processing delay.

24. On April 5, 2016, the agency wrote Plaintiff and acknowledged receipt of the request and assigned it number DOJ-AP-2016-002342.

25. On April 17, 2016, the agency wrote Plaintiff and explained that it would not accept the administrative appeal because no adverse determination had been made on the request.

26. On July 28, 2016, the agency wrote Plaintiff informing him it has located approximately 1,597 pages of material responsive to FOIAPA Request No. 1338647-000.

The agency estimated that the cost for processing the request and producing records by CD would be approximately $55.

27. On August 18, 2016, Plaintiff responded to the agency and expressed his willingness to pay the fee for production by CD.

28. On December 16, 2016, Plaintiff wrote to the Office of Government Information Service (OGIS), Freedom of Information Act Ombudsman, by email in an attempt to obtain information on the status of his request and obtain responsive records.

29. The OGIS acknowledged receipt of Plaintiff's letter on December 21, 2016.

30. On January 27, 2017, Plaintiff called the OGIS to follow up on his December 16, 2016 correspondence. The OGIS informed Plaintiff that it had not assigned his request to an agent yet as they had an unusual number of requests.

31. On February 10, 2017, Ms. Amy Bennet with the OGIS responded to Plaintiffs' December 16, 2016 email and informed him that the OGIS contacted the FBI and that the agency "estimate[s] they will complete work on [Plaintiff's] request in August 2017," but noted that this date is only an estimate.

32. As of the filing of this Complaint, Plaintiff has not received a final determination and response from the FBI with regard to FOIAPA Request No. 1338647-000.

33. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to FOIAPA Request No. 1338647-000 because the agency has failed to comply with the statutory time limit.

*FOIAPA Request No. 1338610-000 is Unresolved*

34. With respect to the request related to Mr. Tsolkas (FOIAPA Request No. 1338610-000), after receiving no response from the agency beyond its October 31, 2015 acknowledgment of receipt of the request, on March 24, 2016, Plaintiff mailed to the agency an administrative appeal to the agency related to the processing delay.

35. On April 5, 2016, the agency wrote Plaintiff and acknowledged receipt of the request and assigned it number DOJ-AP-2016-002335.

36. On April 8, 2016, the agency wrote Plaintiff to advise him that the agency determined that "unusual circumstances" applied to the processing of FOIAPA Request No. 1338610-000.

37. On April 11, 2016, the agency against wrote Plaintiff, this time advising him that the FBI located approximately 1,146 pages of potentially responsive documents to his request and ask him to narrow the scope of his request. The letter requested Plaintiff call Rebecca Brown at the agency to discussing the possibility of narrowing the request.

38. On April 12, 2016, the agency wrote Plaintiff and explained that it would not accept the administrative appeal because no adverse determination had been made on the request.

39. On May 9, 2016, Plaintiff called Rebecca Bronson as requested in the agency's April 11, 2016 letter and left a message.

40. On May 16, 2016, Ms. Bronson returned Plaintiff's call and discussed potentially narrowing Plaintiff's request. Ms. Bronson informed Plaintiff that if he could get his request down to 50 pages, the agency could process the request in three to six months. Otherwise,

she informed him his request could take several years to process. Plaintiff did not agree to narrow the request.

41. As of the filing of this Complaint, Plaintiff has not received a final determination and response from the FBI with regard to FOIAPA Request No. 1338610-000.

42. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to FOIAPA Request No. 1338610-000 because the agency has failed to comply with the statutory time limit.

*FOIAPA Request No. 1338644-000 is Resolved*

43. With respect to the request related to Plaintiff himself (FOIAPA Request No. 1338644-000), after the agency acknowledged receipt of the request on October 31, 2015, it responded on November 30, 2015, that the agency was unable to identify responsive file records.

44. Plaintiff filed an administrative appeal related to FOIAPA Request No. 1353886-000 on December 16, 2015, which the agency acknowledged receipt of on January 11, 2016 and assigned it Appeal No. AP-2016-01229.

45. On February 24, 2016, the agency affirmed the its initial action on FOIAPA Request No. 1353886-000.

46. Plaintiff does not challenge the agency's actions or responses to FOIAPA Request No. 1353886-000 by way of this action.

**Count I: Violation of FOIA**

47. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this Complaint.

48. Defendant has violated FOIA by failing to produce the records responsive to Plaintiff's October 23, 2015 request related to Earth First! Journal, FOIAPA Request No. 1338647-000.

49. Plaintiff and the public have been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's FOIA request.

**Count II: Violation of FOIA**

50. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this Complaint.

51. Defendant has violated FOIA by failing to produce the records responsive to Plaintiff's October 23, 2015 request related to Mr. Tsolkas, FOIAPA Request No. 1338610-000.

52. Plaintiff and the public have been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's FOIA request.

**Request for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Enjoin Defendant from continuing to withhold the public records responsive to Plaintiff's FOIA request(s) and otherwise order Defendant to produce the requested public records without further delay;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action, to the extent permitted by law; and

(4) Grant Plaintiff such other and further relief which the Court deems proper.

Date: March 28, 2017

Respectfully submitted,

Matthew Strugar (D.C. Bar No. 1010198)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
323-696-2299
matthew@matthewstrugar.com